IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Emerald Equipment Leasing, Inc., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. . BEL 09-2808 |
| Sea Star Line, LLC, | * | |
| Defendant, | * | |
| and | * | |
| The Master or Custodian of the M/V EL FARO, et al, | * | |
| | * | |
| Garnishees. | * | |

* * * * * * * * * * * *

## ORDER GRANTING MOTION FOR
## APPOINTMENT OF SUBSTITUTE CUSTODIAN

Plaintiff having appeared and made the following recital:

1. A complaint has been filed requesting that a writ of maritime attachment and garnishment issue, pursuant to Supplemental Rule B, issue for the attachment of the Vessel, its bunkers, apparel, tackle and all other property of defendant Sea Star Line, LLC in the control or custody of the Master or Custodian of the Vessel M/V EL FARO (hereinafter, the "Vessel"). The Clerk of this Court has been requested to issue the warrant, commanding the United States Marshal for this District to attach and take into the custody the Vessel until further Order of this Court respecting the same.

2. It is contemplated that the United States Marshal will be able to seize the Vessel. Custody of the Vessel will require the services of one or more keepers.

### Custodian for the Vessel

3.   The Vessel will be berthed in this District. In the interest of allowing the Vessel to remain in the hands of a competent person and to save unnecessary expenses, plaintiff wishes to have the Master of the Vessel appointed as substitute custodian of said Vessel.

4.   Plaintiff, in consideration of the Marshal's consent to the substitution of custody of the Vessel, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto pertaining and belonging, from the time the Marshal transfers custody of said Vessel over to the substitute custodian, and plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessel.

5.   **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal be authorized and directed to surrender the possession and custody of the Vessel to the Master and/or Custodian of the Vessel as substitute custodian for such Vessel and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless for any and all claims arising whatever out of said substituted possession and safekeeping of the Vessel.

6.   **IT IS FURTHER ORDERED** that all Marshal's costs and fees, including costs and fees of the substitute custodian, shall be paid as a matter of priority to all other claimants against the Vessel or attached or garnished property, prior to release of said Vessel or property.
/

7.   **IT IS FURTHER ORDERED** that the Vessel be allowed to be moved from the

location of arrest to another suitable or anchorage slip within the Port in this District in order to reduce the costs of keeping the Vessel and otherwise to accommodate the orderly business of the Port.

**SO ORDERED** October 23RD, 2009.

_____
United States District Judge
Benson E. Legg