IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Emerald Equipment Leasing, Inc., | * |
| Plaintiff, | * |
| v. | * Civil Action No. . BEL 09-2808 |
| Sea Star Line, LLC, | * |
| Defendant, | * |
| and | * |
| The Master or Custodian of the M/V EL FARO, *et al*, | * |
| | * |
| Garnishees. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**EMERALD'S RESPONSE OPPOSING SEA STAR'S
MOTION TO VACATE RULE B MARITIME
ATTACHMENT AND GARNISHMENT WRITS**

Emerald has met Rule B's standards, as the Fourth Circuit and this District correctly applies them, so that this Court properly issued and now properly should maintain the Supplemental Admiralty Rule B writs. Fourth Circuit law on Rule B, isn't Second Circuit law, and there is no "collateral estoppel."

The U.S. District Court for the District of Delaware's September 24, 2009 judgment confirmed that Sea Star breached its contract with Emerald to pay for the use of Emerald's marine chassis, and owes Emerald $6,133,864.64. Although Sea Star attempts to revise, and appeal this judgment, Emerald whether or not there is any judgment pursuant to Supplemental Rule B can proceed here and elsewhere to attach Sea Star's assets (such as the M/V EL FARO, Sea Star's owned vessel berthed now in Baltimore) located in, or in the hands of debtors to Sea

Star located in, the District of Maryland.[1]  Emerald has stated its *prima facie* case against Sea Star, and met all of Rule B's prerequisites as this District, and the Fourth Circuit, apply them. This Court's Local Admiralty Rules, and the precedent of the Fourth Circuit and this Court, make this clear, and amply so at this very early stage of the case.  This Court accordingly now should deny Sea Star's motion (brought pursuant to Supplemental Admiralty Rule E(4)(f)).[2]

---

[1] "Attachment is not merely a pretrial remedy . . . but is also a remedy that may be used to enforce a judgment. Supplemental Rule B of the Admiralty and Maritime Rules and Fed. R. Civ. P. 64 permit the use of state law remedies . . . specifying a federal court judgment as a basis for securing an attachment." *Astrea United Invest., L.P. v. Onitiri*, 1992 U.S. Dist. LEXIS 17586, at 8 (S.D.N.Y. 1992).

[2] Supplemental Admiralty Rule E(4)(f) states in pertinent part as follows:

> (f) Procedure for Release From Arrest or Attachment.
>
> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing ***at which the plaintiff shall be required to show*** why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

(Emphasis added).  In the Fourth Circuit, it unequivocally is Sea Star's burden to show why the attachments should not be vacated. *Mujahid v. M/V Hector,* 1991 US App LEXIS 28445, *4 (4th Cir. 1991):

> The function of the expedited postarrest hearing is to afford due process to the shipowner whose vessel has been arrested without a prearrest hearing. *See Amstar Corp. v. S/S Alexandros T.*, 664 F.2d 904, 910-12 (4th Cir. 1981). "The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond." *Salazar*, 881 F.2d at 79-80. Consequently, we find no merit in the seamen's contention that the district court erred by considering matters outside the complaint in reaching its decision to vacate the arrest of the vessel.

*Lion De Mer S.A. v. M/V Loretta D*, 1998 AMC 1410, *5-6 (D. Md. 1998)(Legg, D.J.):

> "The function of the expedited postarrest hearing is to afford due process to the shipowner whose vessel has been arrested without a prearrest hearing." *Mujahid v. M/V Hector*, 948 F.2d 1282 (4th Cir. 1991)(unpublished disposition).

(continued...)

## I. Sea Star Ignores this District's Local Admiralty Rules

This District's Local Admiralty Rules expressly define what Supplemental Rule B means, in this District, by "found within the district":

> A defendant is not found within the District unless the defendant, at the time of the filing of the complaint, can be personally served therein by delivering process (i) in the case of an individual, to the individual personally, or by leaving a copy thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion; (ii) in the case of a corporation, trust or association, to an officer, trustee, managing or general agent thereof; (iii) in the case of a partnership, to a general partner thereof; and (iv) in the case of a limited liability company, to a manager thereof.

LAR (b)(1) (significantly, the U.S. District Court, Southern District of New York, has no such Local Admiralty Rule).[3] Sea Star can cite no contrary Fourth Circuit (or District of

---

[2](...continued)

> Consequently, "the postarrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond." *Salazar, 881* at 79-80; *Mujahid*, 948 F.2d 1282. "The reasonable grounds/probable cause standard translates into requiring that, at the postarrest hearing, the plaintiff show entitlement to a maritime lien… To carry its burden, then, plaintiff must establish that it was entitled to a maritime lien, and that therefore it had reasonable grounds or probable cause to arrest [the Vessel]." *Newport News Shipbuilding and Dry Dock Co. v. S.S. Independence*, 872 F. Supp. 262, 265 (E. D. Va. 1994). For purposes of determining whether a plaintiff has met this burden, the Court has discretion to consider extrinsic evidence presented at the hearing. *Mujahid*, 948 F.2d 1282.

[3] As the Fourth Circuit emphasized in *Maritrans Operating Ptnrs. L.P. v. M/V Balsa 37*, 64 F.3d 150, 154-55 (4th Cir. 1995)(applying the U.S. District Court, Eastern District of Virginia's then-Local Admiralty Rule which defined, when a defendant was "not found within the District" within the meaning of Supplemental Rule B):

> Where the federal rule and the local rule are not inconsistent, which these are not, the clear language of the local rule dictates our decision, and we leave any modification of the local rule to the district which promulgated it. See Fed. R. Civ. P. 83 (permitting each district to adopt local rules not inconsistent with the Federal Rules); *Jackson v. Beard*, 828 F.2d 1077, 1078-80 (4th Cir. 1987) (local rules have the force and effect of law and are binding upon the parties and the

(continued...)

Maryland) law, and whatever the Second Circuit might say,[4] here, Sea Star must admit that as this Court's Local Admiralty Rules expressly define that, it is "not found within the District."[5] That Sea Star might be "found" somewhere else is irrelevant under this Court's Local Rules and Fourth Circuit precedent.

Emerald, in this District, clearly has satisfied the requirements of Supplemental

---

[3](...continued)
        court which promulgated them) (citation omitted).

[4]    Sea Star can cite no controlling Fourth Circuit authority, including no authority from this District; its only authority is *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006), a three year old Second Circuit decision.

    *Outbound Maritime Corp. v. P.T. Indonesian Consortium of Construction Industries*, 582 F. Supp. 1136, 1146 (D. Md. 1984) is inapposite here: fundamentally, there was no difference in *Outbound Maritime* between Second and Fourth Circuit law, on what was and wasn't a maritime contract. The Fourth Circuit, however, does not recognize the *Aqua Stoli* judicial gloss to Rule B.

    "Collateral estoppel" - as more fully set out below - cannot apply here including, because the law in this District, and in the Fourth Circuit, is different than the Second.

[5]    Judge Blake recently wrote in *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Dann Ocean Towing*, 2008 U.S. Dist. LEXIS 107479, *; 2008 AMC 2969 n.w (Nov. 21, 2008)(upholding Rule B attachment) as follows:

> Rule B allows a plaintiff to bring an action *quasi in rem* against a defendant's "tangible or intangible personal property - up to the amount sued for" when the named defendant is "not found within the district when a verified complaint praying for attachment and the affidavit required by [the Rule] are filed." Fed. R. Civ. P. Supp. R. B(1)(a). An affidavit must be filed with the complaint that states that, "to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Id. at (1)(b). "The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process or attachment and garnishment." Id. Maryland's Local Admiralty Rule (b)(1) states that "[a] defendant [*5] is not found within the District unless the defendant, at the time of the filing of the complaint, can be personally served therein by delivering process . . . (ii) in the case of a corporation, trust or association, to an officer, trustee, managing or general agent thereof. . . ."

Admiralty Rule B and LAR (b)(1). This Court for this , and because *Aqua Stoli's* exceptions do not apply in this Circuit, this Court for this first reason should deny Sea Star's Motion to Vacate.

    **II.    Aqua Stoli Never Has Been Followed - Or Even Mentioned -
and Does Not Apply - in this District or in the Fourth Circuit**

Simply, *Aqua Stoli* is not Fourth Circuit law. In the three years since *Aqua Stoli*, no reported or unreported Fourth Circuit opinion even has cited it (nor has any opinion of a District Court in the Fourth Circuit). In contrast, the Fourth Circuit declines to add judicial glosses on otherwise plain, express statutory language.[6] The plain, express language of Supplemental Admiralty Rule B(1)(a) is that:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

---

[6]    *See, e.g.*, *United States v. Lund*, 853 F.2d 242, 245 (4th Cir. 1988):

> As the Supreme Court has repeatedly recognized, when the terms of a statute are unambiguous, "judicial inquiry is complete, except 'in "rare and exceptional circumstances"'" *Rubin v. United States*, 449 U.S. 424, 430, 66 L. Ed. 2d 633, 101 S. Ct. 698 (1981), *quoting TVA v. Hill*, 437 U.S. 153, 187 n. 33, 98 S. Ct. 2279, 57 L. Ed. 2d 117 (1978), *quoting Crooks v. Harrelson*, 282 U.S. 55, 60, 75 L. Ed. 156, 51 S. Ct. 49 (1930). This principle, which is grounded in basic notions of separation of powers, is not to be deviated from simply because the statute being construed is criminal rather than civil. *See United States v. Albertini*, 472 U.S. 675, 680, 86 L. Ed. 2d 536, 105 S. Ct. 2897 (1985); *Garcia v. United States*, 469 U.S. 70, 75, 83 L. Ed. 2d 472, 105 S. Ct. 479 (1984). Although criminal statutes are to be strictly construed, they are "'not to be construed so strictly as to defeat the obvious intention of the legislature.'" *Huddleston v. United States*, 415 U.S. 814, 831, 39 L. Ed. 2d 782, 94 S. Ct. 1262 (1974), *quoting American Fur Co. v. United States*, 27 U.S. (2 Pet.) 358, 367, 7 L. Ed. 450 (1829). When a penal statute's language is unambiguous, "only the most extraordinary showing" of legislative intent to the contrary will justify departure from its plain meaning. Garcia, 469 U.S. at 75. No such showing has been made in this case.

This express statutory language of Supplemental Rule B, without allowing for any judicial gloss outside of than language, fully supports the writs which this Court properly issued here.

### III. The Issues and Governing Law Here are Different Than in the New York Action. There Can Be No "Collateral Estoppel."

As set out above, *Aqua Stoli* is not the law of the Fourth Circuit. There can be no "collateral estoppel" here. This is because, as the Fourth Circuit has made plain, collateral estoppel only "forecloses the relitigation of issues of fact or law that are ***identical*** to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *In Re Microsoft Corporation Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004), *quoting* Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (emphasis added).

In the New York action, the court only addressed a very limited issue, namely, whether Emerald had met its burden, as determined uniquely in the Second Circuit (as set out below, distinct from not only the Fourth Circuit, but not adopted in any other Circuit, either) under Supplemental Admiralty Rules B and E to maintain a Rule B attachment. Order at 3. Judge Koeltl's based his decision on the Second Circuit's *Aqua Stoli* decision and its supposed "equitable exceptions"[7] to Rule B attachment, found nowhere in the text, plain meaning or legislative history of Rule B.      The New York Action also was different because there, Emerald sought attachment of electronic funds transfers ("EFT's) passing through New York's money center banks. Emerald could not have brought the New York Action in Maryland to attach those electronic funds transfers, because no Maryland court has jurisdiction over New

---

[7] These are not recognized in the Fourth Circuit, ("convenient adjacent jurisdiction" and "equitable vacatur")

York's money center banks. In the present action, however, Emerald is seeking attachment of Sea Star's Maryland assets, specifically, Sea Star's owned vessel M/V EL FARO and its bunkers (that vessel presently berthed at Baltimore), and accounts receivable by several vendors and corporate entities that do business in Maryland. Emerald could not have brought the present action in New York because the M/V EL FARO is in Baltimore, not New York.

## Conclusion

This Court now should deny Sea Star's motion to vacate.

Dated: November 2, 2009.

> Respectfully Submitted,
>
> /s/ J. Stephen Simms
> J. Stephen Simms (#4269)
> John T. Ward
> Simms Showers LLP
> 20 S. Charles Street, Suite 702
> Baltimore, Maryland 21201
> Phone: (410) 783-5795
> Fax: (410) 510-1789
>
> Emerald Equipment Leasing Counsel

## CERTIFICATE OF SERVICE

I certify that on November 2, 2009 I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel.

> /s/ J. Stephen Simms