UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**BENSON EVERETT LEGG**<br>Chief Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>(410) 962-0723 |

November 20, 2009

MEMORANDUM TO COUNSEL RE:    Emerald Equipment Leasing, Inc. v. Sea Star Line, LLC et al.
Civil No. L-09-2808

Dear Counsel:

  Now pending is Defendant's Motion to Vacate (Paper No. 15). A hearing was held on November 12, 2009. For the following reasons, the motion is GRANTED.

  This case arises out of a lawsuit currently pending in the United States District Court for the District of Delaware. Final judgment—in the amount of $6,133,864.64—was entered by that court on September 24, 2009. Following the entry of judgment, Sea Star filed an interlocutory appeal with the Third Circuit Court of Appeals. Both parties agree that, at this juncture, Emerald may not enroll judgment in Maryland and may not use post-judgment procedures to collect the amount awarded by the District of Delaware.

  On October 23, 2009, Emerald filed a Motion for Writ of Garnishment under Supplemental Rule B. The Court granted the motion. Sea Star moved to vacate the order granting a Writ of Garnishment on October 28, 2009.

  Given the facts of the instant case, the Court finds that the Second Circuit rule established in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006), should be followed here. In Aqua Stoli, the Second Circuit—a circuit traditionally responsible for a large number of admiralty cases—traced the history of both maritime attachments in general and Rule B in particular. Following that extensive historical review, the Aqua Stoli Court held that a district court may vacate a Rule B attachment if: (i) the defendant is subject to suit in a convenient adjoining district, (ii) the plaintiff could obtain *in personam* jurisdiction over the defendant in the district where the plaintiff is located, or (iii) the plaintiff has already obtained sufficient security for the potential judgment, by attachment of otherwise. Id. at 445.

  This Court is persuaded that Rule B was intended as a device enabling an admiralty plaintiff to establish jurisdiction over a defendant that may be peripatetic and hard to locate and serve. If the plaintiff locates defendant's property in a federal district, the plaintiff may garnish the property, thereby obtaining personal jurisdiction over the defendant. Rule B contemplates that the case will be litigated in the district where the property has been found and garnished.

In this case, both Emerald and Sea Star are subject to *in personam* jurisdiction in the District of Delaware. The parties are actively engaged in litigation there. Thus, Emerald does not need Rule B to obtain a forum in which to litigate its claim against Sea Star. Nonetheless, Emerald claims a right to use Rule B as a means of obtaining security for payment of a final judgment that it might obtain against Sea Star. According to Emerald, Rule B authorizes it to attach any asset of Sea Star's, in any federal district in the United States, either before or after the entry of a judgment. Under Emerald's interpretation, it could request writs of garnishment in multiple districts at the same time. These actions would be stayed pending the outcome of the Delaware case. Emerald's reading of the rule would transform it into a broad grant of the right to obtain pre-judgment security for any alleged breach of a maritime contract. Such an interpretation is not reasonable and will not be endorsed by this Court. Accordingly, Sea Star's Motion to Vacate is granted.

Having granted Sea Star's motion to vacate, the remaining piece of this case concerns Emerald's Amended Complaint, which includes a claim for prejudgment attachment under Federal Rule of Civil Procedure 64 and Article 3-303(b) of the Maryland Courts and Judicial Procedure Act. Sea Star is hereby directed to answer the amended complaint within the standard period.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Very truly yours,

                                            /s/

                                            Benson Everett Legg

c:     Court file